# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE GAINES, | **)** | |
| | **)** | Civil Action No. 2: 13-cv-0471 |
| Plaintiff, | **)** | |
| | **)** | United States District Judge |
| v. | **)** | Arthur J. Schwab |
| | **)** | |
| PSYCHIATRIST DR. SENA and | **)** | United States Magistrate Judge |
| MENTAL HEALTH MANAGEMENT, | **)** | Cynthia Reed Eddy |
| | **)** | |
| Defendants. | **)** | |

## MEMORANDUM ORDER

This case was commenced on March 29, 2013, and was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges. The Magistrate Judge initially denied Plaintiff's motion to proceed in forma pauperis for failure to include the appropriate financial documentation, but the motion was later granted upon Plaintiff's compliance with the statutory requirements. (ECF Nos. 1, 2, and 7.)

Defendants filed a motion to dismiss arguing that the case should be dismissed as Plaintiff had failed to exhaust his administrative remedies. Because Defendants presented material outside of the Complaint, the Magistrate Judge converted the motion to dismiss into a motion for summary judgment, and allowed the parties time to submit additional briefing and evidence.

On May 19, 2014, Magistrate Judge Eddy filed a Report and Recommendation (ECF No. 36) recommending that Defendants' motion to dismiss, which had been converted into a motion for summary judgment, be granted on the ground that Plaintiff had not properly exhausted his administrative remedies pursuant to the Prison Litigation Reform Act. Plaintiff was served with

1

the Report and Recommendation at his listed address and was advised that he had until June 5, 2014, to file written objections to the Report and Recommendation.[1] Plaintiff filed timely Objections to the Report and Recommendation (ECF No. 39).

As an initial matter, the Court notes that while it appears to be Plaintiff's signature on the Objections, under the signature line is the following notation: "executed by Dwayne L. Rieco #HU2494 on behalf of Plaintiff." Objections at 15. Rieco is a frequent flier, currently having three lawsuits pending in this Court alone, and Rieco clearly wrote the Objections, as his handwriting is readily recognized by the Court.

As a non-attorney, Rieco may not act as an attorney for other individuals. He cannot represent other inmates in court, even if those inmates consent to his representation. He may only represent himself in this Court. *See* 28 U.S.C. § 1654; *Alexander v. New Jersey State Parole Bd.,* 160 F. App'x 159, 160 n.1 (3d Cir. Dec. 28, 2005) (holding prisoner proceeding pro se may not act on behalf of his fellow inmates); *Baker v. Vaughn,* 2010 WL 3893465 (D. Del. Sept. 30, 2010) (holding a non-attorney inmate may not act as an attorney for other inmates). Inmate Rieco is placed on notice that future documents executed by Rieco in cases in which Rieco is not the named plaintiff will be docketed, but not considered by the Court. A copy of this Memorandum Order will be sent to Rieco.

Turning to the merits of Plaintiff's objections, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge. Plaintiff has offered a series of contradictory explanations for why he was not able to exhaust, all of which were discussed and rejected by the Magistrate Judge. Likewise, this Court finds that Plaintiff's contradictory

---

[1] At the time Plaintiff commenced this lawsuit he was an inmate in the custody of the Pennsylvania of Corrections confined at SCI-Pittsburgh. Contemporaneously with filing his

explanations have no evidentiary support and, accordingly, will grant summary judgment in favor of Defendants on the basis of Plaintiff's failure to exhaust. *See Small v. Camden County,* 728 F.3d 265, 270 (3d Cir. 2013).

After de novo review of the pleadings and documents in the case, together with the Report and Recommendation, and the Objections thereto, the following order is entered:

**AND NOW**, this 9th day of June, 2014:

1. Defendants' motion to dismiss, which has been converted into a motion for summary judgment (ECF No. 16) is **GRANTED** on the ground that Plaintiff did not properly exhaust his administrative remedies;

2. **IT IS FURTHER ORDERED** that the Report and Recommendation (ECF No. 36) dated May 19, 2014, is **ADOPTED** as the Opinion of the Court; and

3. **IT IS FURTHER ORDERED** that Plaintiff's Motion for Defendants to Comply with Order for Plaintiff to obtain official records (ECF No. 37) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Plaintiff has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

So **ORDERED** this 9th day of June, 2014:

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

---

objections, Plaintiff notified the Court that he had been released from prison and provided a change of address.

cc: All Registered ECF Counsel and Parties

LAWRENCE GAINES
229 Nelson Street
Jersey Shore, PA 17740

Dwayne L. Rieco, #HU2494
SCI - Pittsburgh
P. O. Box 99991
Pittsburgh, PA 15233